Case 4:12-cv-00316-A Document 12 Filed 08/21/12 Page 1 of 5 PageID 43

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 21 2012
CLERK, U.S. DISTRICT COURT
By _____
   Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GERALD SHERARD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:12-CV-316-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Gerald Sherard, a state prisoner currently incarcerated in Diboll, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

I. Factual and Procedural History

On May 29, 2008, pursuant to a plea agreement, petitioner pleaded guilty to sexual assault of a child younger than 17 years of age and was sentenced to 15 years' confinement in the 371st District Court of Tarrant County, Texas. (02State Habeas R. at

47-54) Petitioner did not directly appeal his conviction.

Petitioner filed two state habeas applications challenging his conviction and/or sentence. The first was filed on June 29, 2010, and denied by the Texas Court of Criminal Appeals on the findings of the trial court on November 9, 2011. (02State Habeas R. at cover, 2) The second was filed on July 22, 2011, and denied by the Texas Court of Criminal Appeals on the findings of the trial court on September 28, 2011. (01State Habeas R. at cover, 2) This federal petition for habeas relief challenging the 2008 conviction and sentence in three grounds is deemed filed on May 18, 2012.[1] Respondent contends the petition is untimely.

## II. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] A pro se habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. See *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

>    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time petitioner had for filing a timely notice of appeal on Monday, June 30, 2008,[2] and closed one year later on June 30, 2009, absent any applicable

---

[2] June 28, 2008, was a Saturday.

3

tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's state habeas applications filed after limitations had already expired did not operate to toll the limitations period under the statutory provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner alleged or demonstrated rare and exceptional circumstances that would justify tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2560 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). There is no evidence whatsoever in the record that petitioner was prevented in some extraordinary way from asserting his rights in state or federal court. Ignorance of the law, unfamiliarity with filing deadlines, and *pro se* status do not constitute "rare and exceptional" circumstances warranting equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000). Nor does a claim of actual innocence support equitable tolling of the limitations period. *Id.*

Petitioner's federal petition was due on or before June 30,

2009, therefore his petition deemed filed on May 18, 2012, was filed beyond the limitations period and is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated his petition is timely and has not made a substantial showing of the denial of a constitutional right.

SIGNED August ___21___, 2012.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE